**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHER DISTRICT OF OHIO**
**WESTERN DIVISION**

Jaime Aguirre,                                Case No. 5:12CV3043

    Petitioner

    v.                                          **ORDER**

State of Ohio,

    Respondent

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Jaime Aguirre,

    Petitioner                       Case No. 3:13CV96

    v.

State of Ohio,

    Respondent

These are two separate petitions for habeas corpus relief arising from the petitioner's convictions in two separate Ohio Courts of Common Pleas.[1] Because the petitions arise from a single arrest, the ensuing search, and the evidence thereby discovered – and because some of the issues raised in both petitions are the same – I have *sua sponte* consolidated them for purposes of decision.

For the reasons that follow, I find no merit in either petition. I deny each, and deny, as well, certificates of appealability.

---

[1] The arrest giving rise to one prosecution occurred in Portage County; the images of child pornography found on petitioner's cell phone and in his vehicle – and giving rise to both prosecutions – were either created or possessed in Seneca County. Consequently, there were two prosecutions, convictions, and sentences in state, and now two habeas petitions pending before me.

**Background**

After receiving a report from a police dispatcher of a white truck with an apparently drunk driver, officers in Brimfield Township, Ohio, observed a white truck resembling the one that had been the subject of the report parked at a gas station. They saw it make an improper right turn, nearly colliding with one of the officer's cars.

The petitioner was the driver. Officers asked for permission to search – which the trial courts (sitting in separate counties) found the petitioner gave – the vehicle. Officers seized three cells phones and a wireless camera. Once at the station, petitioner, the trial courts found, gave consent to searches of the cell phones and memory cards. The officers discovered videos and photos of young girls and boys either nude or semi-nude. The searches also uncovered various drug-related items.

On finding these images, officers obtained a warrant to conduct a further search of the petitioner's vehicle. Executing the warrant, they found a photo of a young girl with exposed breasts.

The petitioner waived trial by jury in both prosecutions.

The judge in Seneca County (instant case 3:13CV96) found the petitioner guilty on twelve counts of child-pornography-related crimes.

In Portage County (instant case 5:12CV3043) the trial judge found the petitioner guilty of three counts of illegal use of a minor in nudity-oriented material.

**1. Case 13CV96 (Seneca County)**

On direct appeal from the Seneca County conviction, the petitioner raised three assignments of error: 1) unlawful searches and seizures; 2) failure to grant Crim. R. 29 motions for judgment of acquittal; and 3) improper denial of jail-time credit. The appellate court affirmed the convictions.

Petitioner sought to appeal to the Ohio Supreme Court, asserting: 1) images created for medical diagnostic or treatment purposes do not violate the applicable statutes; 2) failure of the court of appeals to examine the fundamental fairness of the trial; and 3) consent to search was coerced. The Supreme Court denied review.

Petitioner then returned to the appellate court with an application to reopen his appeal. He contended: 1) prosecution in Seneca County following prosecution in Portage County violated the Double Jeopardy Clause; and 2) the trial court's reliance on the transcript of the Portage County suppression hearing to resolve the petitioner's suppression motion in the Seneca County case violated due process. The appellate court denied the application to reopen.

In his § 2254 petition challenging the Seneca County convictions, petitioner asserts:

- Ground One: possession of medical images is not a crime;

- Ground Two: consent to search his vehicle was coerced; and

- Ground Three: insufficient evidence as to Counts 2 and 9 re. images depicting a state of nudity.

There is no merit to any of these contentions.

With regard to Ground One, petitioner's contention is a challenge to the Ohio court's interpretation of state law. Such claims are not cognizable in a federal habeas corpus proceeding, as state, not federal courts decide, the meaning of state law. 28 U.S.C. § 2254(a).

Even if this claim were cognizable, the petitioner's procedural default bars its consideration here. He could have, but did not, assert this ground on his direct appeal. His effort to do so subsequently in his application for leave to appeal to the Ohio Supreme Court, was, in effect, too little, too late. Petitioner thus failed to meet his obligation to "fairly present" his federal

constitutional claims to the state courts. *See, e.g., Williams v. Bagley*, 380 F.3d 932, 969 (6th Cir. 2004).

Petitioner has not explained his failure to raise and preserve this claim properly. He has not shown cause for or prejudice from his procedural default. Nor has he shown that failing to consider this claim on the merits would work a fundamental miscarriage of justice. *House v. Bell*, 547 U.S. 518, 536-37 (2006).

Regarding Ground 2, the rule in *Stone v. Powell*, 428 U.S. 465, 494 (1976), bars the petitioner's challenge to the lawfulness of the post-arrest consent search of his car.

The record of the state-court proceedings shows that the Ohio courts provided, as *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982), demands, a full and fair process for challenging the validity of that search and the consent on which they rested. No more is necessary to preclude petitioner's Fourth Amendment claim in this proceeding.

Finally, the petitioner's Ground 3 – insufficiency of the evidence – provides no basis for relief. The state appellate court rejected that claim on direct appeal, *see State v. Aguirre*, 2012 Ohio 2014, ¶¶14-30 (Ohio. App.), and I find no basis for concluding its decision was either contrary to, or involved an unreasonable application of, *Jackson v. Virginia*, 443 U.S. 307 (1979). Accordingly, 28 U.S.C. § 2254(d)(1) precludes further litigation on this claim.

### 2. Case 12CV3043 (Portage County)

Following his convictions in Portage County, petitioner raised three claims on direct appeal: 1) improper denial of his motion to suppress; 2) improper denial of his Ohio R. 29 motion for judgment of acquittal; and 3) improper denial of his motion to dismiss certain counts of the indictment. The court of appeals affirmed the petitioner's convictions.

4

Petitioner's application for leave to appeal to the Ohio Supreme Court repeated his challenge to the validity of the consent to search and also alleged the trial and appellate courts applied an improper standard when determining whether the petitioner committed the crime of illegal use of a minor in nudity-oriented material. The Supreme Court denied leave to appeal.

Petitioner's habeas petition asserts the two grounds he presented to the Ohio Supreme Court.

With regard to his first ground – that his consent to the search was invalid – *Stone v. Powell* bars review of that contention on federal habeas review, as expressed above with regard to the petitioner's Seneca County-related petition.

With regard to petitioner's challenge to the sufficiency of the evidence (which is what I deem the challenge to be), the Court of Appeals exhaustively reviewed the evidence and applicable law. *See State v. Aguirre*, 2012 Ohio 644, ¶¶43-60 (Ohio App.). Petitioner failed to show a constitutional violation under *Jackson* on direct appeal, and he likewise cannot show here that the state court contradicted or unreasonably applied *Jackson*. Habeas relief is therefore unavailable.

## Conclusion

It is, accordingly, ORDERED THAT:

1. The petition in Case No. 5:12CV3043 be, and the same hereby is denied;

2. The petition in Case No. 3:13CV96 be, and the same hereby is denied; and

3. No Certificate of Appealability shall issue, as the petitioner has not established a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge